UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ADDISON CUTSINGER                                                                Plaintiff

v.                                                                 Civil Action No. 3:19-cv-P254-RGJ

LOUISVILLE METRO DEPT. OF CORRECTIONS, et al.           Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Addison Cutsinger filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, some claims will be dismissed, and Plaintiff will be given the opportunity to amend his complaint.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee in the Louisville Metro Department of Corrections (LMDC). He names as Defendants LMDC "jail staff," "kitchen and maintenance staff," "peace officers," and guards; and LMDC Director Mark Bolton in his official and individual capacities. Plaintiff alleges that he has been forced to eat dirty food containing bugs on dirty trays. He alleges that the kitchen is infested with roaches, the dishwasher is broken, and trays are not properly washed. He states that the trays have cracks and holes in which insects and black mold live.

Plaintiff alleges that he has written grievances but received no reply. He also states that some of his grievances have not been accepted, violating LMDC's policies and civil, human, and prisoner rights.

Plaintiff further alleges that although Christians are allowed to attend services and given Bibles, Muslims and Jews are "persecuted and forced to pay for there books and prayer rugs [and] forced to be on a list to attend any services and list is hand picked and a wait is required." He states that he has been denied the right to participate in "Jumar" and other Islamic services.

Plaintiff also alleges that inmates are kept in unsafe cells, without fire sprinklers or a fire evacuation plan.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A. Claim against Defendant Bolton

Plaintiff names Defendant Bolton in the portion of the complaint form where the Defendants are to be listed, but the complaint contains no other reference to him. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff has not alleged any personal involvement by Defendant Bolton, and the claims against him must be dismissed.

Moreover, to the extent Plaintiff seeks to hold Defendant Bolton liable based on his supervisory authority as Director of LMDC, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon

'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint fails to demonstrate that Defendant Bolton encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Accordingly, the claim against Defendant Bolton will be dismissed for failure to state a claim upon which relief may be granted.

### B. Claims related to kitchen and food

Plaintiff alleges that he has been forced to eat dirty food containing bugs, served on dirty trays; that the kitchen is roach infested; and that trays are not washed properly and contain black mold.

The Court construes these allegations as conditions-of-confinement claims under the Eighth Amendment.[1] The Supreme Court has held that "extreme deprivations are required to make out a conditions-of-confinement claim . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted). In other words, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam).

---

[1] The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees, like Plaintiff. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Ricki v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has historically analyzed claims by pretrial detainees and convicted prisoners "'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). The Sixth Circuit has recognized only one explicit exception to this general rule, applying it only to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee's claim of deliberate indifference to a serious medical need); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a pretrial detainee's deliberate indifference claim). Therefore, the Court concludes that the Eighth Amendment's deliberate indifference standard applies to Plaintiff's claims in this action.

Plaintiff does not allege that he has been made sick or otherwise harmed by the allegedly unsanitary conditions, and the Court finds, therefore, that Plaintiff has failed to state a claim upon which relief may be granted. Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." "Although § 1997e(e) does not define 'physical injury,' the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be more than *de minimis*." *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002). Thus, without the showing of something more than a *de minimis* physical injury associated with his allegation, Plaintiff's claim fails. *See, e.g.*, *Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005).

Additionally, courts have consistently held that the mere presence of foreign bodies, even insects, in the food served to prisoners or dirty or moldy food trays do not constitute an Eighth Amendment violation. *Tucker v. Rose*, 955 F. Supp. 810, 815 (6th Cir. 1997); *see also Smith v. Younger*, No. 98-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) ("The fact that the [prison] food occasionally contains foreign objects . . ., while unpleasant, does not amount to a constitutional deprivation.") (internal quotation marks and citation omitted); *Myers v. Aramark Food Servs.*, No. 15-2824-JDT-TMP, 2016 WL 4292639, at *4 (W.D. Tenn. Aug. 15, 2016) ("[T]he complaint alleges that Myers continues to be fed on dirty trays that have bacteria on them. That deprivation does not rise to the level of a constitutional violation."); *Hancock v. Rowland*, No. 1:15-cv-00055, 2015 WL 4459171, at *3 (M.D. Tenn. July 16, 2015) (finding that allegation of infestation of spiders, rodents, lizards, and insects does not state an Eighth Amendment claim because there was no allegation of any injury or illness in connection with this condition); *Lyle v.*

*Montgomery Cty. Jail*, No. 3:15-CV-0480, 2015 WL 1954350, at *3 (M.D. Tenn. Apr. 28, 2015) ("Likewise, the spiders, mold, and clogged ventilation are not alleged to cause or contribute to an actual health problem suffered by the plaintiff."). Therefore, these claims will be dismissed for failure to state a claim upon which relief may be granted.

### C. Claims related to grievances

Plaintiff claims that his grievances have not been answered in the required time-period and that some of his grievances have not been accepted.

Presuming that Plaintiff is claiming a constitutional right to have his grievances answered, his claim fails. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there

is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### *D. Claim related to fire safety*

Plaintiff alleges, "We the people have had enough, held in unsafe cells with no fire sprinklers or fire evacuation plant. Which is an abomination to the rights and safety of inmates!!!"

As a general principle, a prison official has a duty under the Eighth Amendment to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. at 828. A prison official cannot be found liable for failing to protect an inmate unless "the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id*. at 837.

Simply alleging that cells are unsafe "with no fire sprinkler or fire evacuation plan" is conclusory and, without more, is insufficient to state a claim under the Eighth Amendment. *See Deas v. Ingham Cty. Jail*, No. 1:18-cv-838, 2018 WL 3853521, at *4 (W.D. Mich. Aug. 14, 2018) (dismissing claim alleging lack of sprinklers on initial review and finding "[t]he presence of sprinklers in the cells and common areas might enhance safety in the jail; however, the absence of sprinklers does not make the jail inherently dangerous"); *Lyle v. Montgomery Cty. Jail & Jail Maint.*, 2015 WL 1954350, at *3 (dismissing claim alleging lack of sprinklers on initial review and finding "their absence *per se* does not rise to the level of a constitutional violation"); *Mays v. Untig*, No. 08-CV-3379, 2010 WL 398901, at *3 (D.N.J. Jan. 26, 2010) ("The absence of sprinklers

7

or fire drills, so long as the facility is in compliance with local fire code, does not amount to a viable claim.").

Accordingly, Plaintiff's claim alleging lack of sprinklers and a fire evacuation plan will be dismissed for failure to state a claim upon which relief may be granted.

### *E. Freedom-of-religion claim*

Plaintiff alleges that Christians are allowed to attend services and given a Bible for free but "Muslims and Jews are persecuted and forced to pay for there books and prayer rugs [and] forced to be on a list to attend any services and list is hand picked and a wait is required." Plaintiff further alleges that he has been denied the right to participate in "Jumar and other islamic services."

The Court finds that the allegations concerning the denial of Plaintiff's religious exercise may be sufficient to survive initial review. However, Plaintiff names no Defendant(s) against whom he alleges this claim. As stated above, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains in order to state a claim for relief. *See Rizzo v. Goode*, 423 U.S. at 375-76. It is not sufficient for Plaintiff to sue "Staff et, al" or "kitchen and maintenance staff, et, al." Plaintiff must name as Defendants the specific individuals whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual Defendant. In addition, Fed. R. Civ. P. 10(a) provides that the "title of the complaint must name all the parties[.]" Therefore, while Plaintiff writes "et al." after naming "Staff" in the title of complaint, Plaintiff is required to name all parties, and the Court does not consider Plaintiff's inclusion of "et al." as suing additional Defendants.

Accordingly, the Court will direct Plaintiff to file an amended complaint naming specific individuals as Defendants and stating specific factual allegations as to how each individual

allegedly violated his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## II. <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendant Bolton and claims related to the kitchen/food, the handling of grievances, and fire safety are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint**. Plaintiff must name as Defendants the specific individuals[2] whom he alleges violated his right to freedom of religion and state the specific factual allegations he believes support his claim against each individual Defendant. Plaintiff must also tender a summons form for each Defendant he sues. The Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four summons forms, to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein and for failure to comply with an Order of this Court.**

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
A961.009

---

[2] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond 319cv00254-RGJ-cutsingerinitial review.

9